## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.:

FABIO ARAUJO DOS SANTOS,

        Plaintiff,

vs.

MICHAEL CAL, individually,
LEONARDO MEMBRENO, individually, and
the FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES, a Florida state agency,

        Defendants.

_____/

## **COMPLAINT**

1.      This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against MICHAEL CAL, individually, LEONARDO MEMBRENO, individually, and the FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES, a Florida state agency.

2.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343.   Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3.      Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes.

## PARTIES

4.     Plaintiff FABIO ARAUJO DOS SANTOS [hereinafter "Plaintiff" or "SANTOS" is a resident of Broward County, state of Florida.

5.     At all times referred to herein, Defendant MICHAEL CAL [hereinafter CAL or Defendant CAL] was a police officer for Defendant FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES and was acting under color of law, and in such capacity as an agent, servant, and employee of Defendant FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES.

6.     At all times referred to herein, Defendant LEONARDO MEMBRENO [hereinafter MEMBRENO or Defendant MEMBRENO] was a police officer for Defendant FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES and was acting under color of law, and in such capacity as an agent, servant, and employee of Defendant FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES.

7.     Defendant FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES is an agency of the state of Florida, operating under authority granted by the Board of Governors of the State University System of Florida.  Following the formation of the Board of Governors of the State University System of Florida in 2003, the Board of Governors delegated authority to the university boards of trustees to respond to lawsuits against the universities and their employees.  At all times material hereto, Defendant FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES [hereinafter "Florida International University," "FIU" or "Defendant FIU"] acted through its agents, employees, and servants, including Defendant CAL, Defendant MEMBRENO, and others.

8.     Plaintiff sues Defendant CAL and Defendant MEMBRENO in their individual capacities.

## FACTS

9.     At all times material hereto, Golden Touch Haircuts & Shaves operated a barber shop at Florida International University's Graham Center, located at 11200 SW 8th Street, Miami-Miami-Dade County, Florida.

10.     Santos repairs barber chairs and has substantial expertise in hydraulic machinery.

11.     Santos was contacted by the proprietor (hereinafter "Oliver") of the Golden Touch Haircuts & Shaves and requested to provide an estimate for the repair of several barber chairs at their FIU campus location.

12.     Upon arriving at the FIU campus Santos asked a parking attendant where he could park his work trailer while repairing the barber chairs.

13.     Santos was directed to park up front near where a blood drive mobile was located.

14.     Santos then contacted Oliver requested directions to the barbershop.

15.     Oliver suggested that Santos ask a student for assistance.  Accordingly, a male FIU student directed Santos through the building to the location of the barbershop.

16.     Santos determined that the necessary repairs to the barber chairs could be made on-site, and advised Oliver accordingly.

17.     Santos then provided Oliver with an estimate and explained that the repairs would take approximately one hour for all six barber chairs.

18.     Oliver approved the repairs, and Santos retrieved his stools from his work trailer.

19.     Santos returned to the barber shop and completed the repairs in approximately 45

minutes.

20.     Santos then returned his tools to his trailer and was walking back to the barber shop to wash his hands and collect payment for his services when he heard a voice repeatedly shouting, "Hey come here," louder and louder.

21.     When Santos looked back he observed Defendant MEMBRENO and Defendant CAL.

22.     At all times material hereto, Defendant MEMBRENO was Defendant CAL's field training officer.

23.     As Defendant MEMBRENO and Defendant CAL approached, Santos stated:  "How you doing officers my name is Fabio Santos.  I'm the chair man.  I'm here repairing the barber chairs at the barbershop, inside.  If you don't believe me just come with me and I'll show you exactly what I'm doing."

24.     As Defendant MEMBRENO and Defendant CAL responding by stating: "Let me see your ID."

25.     Santos explained that his driver's license was inside his vehicle, and if there was a problem the officers could speak with Oliver inside the barbershop, since he was the person who hired Santos to repair the barber chairs.

26.     The officers responded by informing Santos (untruthfully) that he could be arrested based on his failure to have his driver's licence in his possession, or other some form of identification.

27.     Santos then asked if he was being detained, and was advised "No."

28.     When Santos was advised he was not being detained, he turned around to walk back to the barber shop to speak with Oliver, whereupon he was arrested by  at which time he was arrested

4

by MEMBRENO and Defendant CAL in the absence of probable cause that he committed any criminal offense.

29.     When Santos asked what he was being charged with, the officers stated "they would figure it out" later.

30.     Santos was subsequently charged by Defendant CAL and Defendant MEMBRENO with the misdemeanor offenses of disorderly conduct and obstruction by disguise, in the absence of probable cause.

31.     Defendant CAL and Defendant MEMBRENO subsequently prepared a joint complaint/arrest affidavit and Defendant CAL prepared an incident/investigation report for submission to prosecuting authorities, containing false statements and material omissions.

32.     At all times material hereto, Defendant CAL and Defendant MEMBRENO knew that their reports would be relied upon by prosecuting authorities for the commencement and continuation of criminal proceedings against Plaintiff.

33.     At all times material hereto, the reports submitted by Defendant CAL and Defendant MEMBRENO to prosecuting authorities contained false statements, insofar as the complaint/arrest affidavit and incident/investigation report both falsely alleged that Santos refused to provide his name, when in fact, as Defendant CAL and Defendant MEMBRENO knew, Santos never failed or refused to provide his name, and correctly identified himself and explained his basis for doing business at the Graham Center.

34.     At all times material hereto, the police reports submitted by Defendant CAL and Defendant MEMBRENO to prosecuting authorities omitted the material fact that during a consensual encounter a person's mere refusal to provide a police officer with their name is not a

5

crime under the laws of the state of Florida.

35.     At all times material hereto, the police reports submitted by Defendant CAL and Defendant MEMBRENO to prosecuting authorities omitted the material fact that a person's failure to provide official identification papers to a police officer upon request is not a crime under the laws of the state of Florida.

36.     All criminal charges against Santos were subsequently nolle prosequied, and Plaintiff has never been convicted by any prosecuting authority of any criminal offense as a result of his arrest by Defendant MEMBRENO and Defendant CAL.

37.     The conduct of Defendant CAL and Defendant MEMBRENO occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT CAL, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant CAL, individually, in Count I, Plaintiff states:

38.     Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 37.

39.     Defendant CAL proximately caused the arrest of Plaintiff in the absence of probable cause that Plaintiff committed any criminal offense.

40.     The conduct of Defendant CAL towards Plaintiff was objectively unreasonable, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause that Plaintiff committed any criminal offense.

41.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

42.     As a further direct and proximate result of the conduct of Defendant CAL, Plaintiff suffered loss of his liberty and freedom, mental anguish and loss of capacity for the enjoyment of life.   Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.   Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

     i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.     Judgment for exemplary damages;

     iii.     Cost of suit;

     iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

     v.     Trial by jury as to all issues so triable; and

     vi.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT II**
**FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST**
**DEFENDANT MEMBRENO, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant MEMBRENO, individually, in Count II, Plaintiff states:

43.     Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 37.

44.     Defendant MEMBRENO proximately caused the arrest of Plaintiff in the absence of probable cause that Plaintiff committed any criminal offense.

7

45.     The conduct of Defendant MEMBRENO towards Plaintiff was objectively unreasonable, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause that Plaintiff committed any criminal offense.

46.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

47.     As a further direct and proximate result of the conduct of Defendant MEMBRENO, Plaintiff suffered loss of his liberty and freedom, mental anguish and loss of capacity for the enjoyment of life.   Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.   Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

     i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.     Judgment for exemplary damages;

     iii.     Cost of suit;

     iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

     v.     Trial by jury as to all issues so triable; and

     vi.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT III**
**FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST**
**DEFENDANT FLORIDA INTERNATIONAL UNIVERSITY**

For his cause of action against Defendant FLORIDA INTERNATIONAL UNIVERSITY, in Count

III, Plaintiff states:

48.     Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 37.

49.     Defendant CAL and Defendant MEMBRENO proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

50.     The conduct of Defendant CAL and Defendant MEMBRENO towards Plaintiff was unreasonable and unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

51.     The false arrest/false imprisonment of Plaintiff was proximately caused by conduct occurring within the course and scope of Defendant CAL and Defendant MEMBRENO's employment as a police officers for Defendant FLORIDA INTERNATIONAL UNIVERSITY.

52.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

53.     As a further direct and proximate result of the conduct of Defendant FLORIDA INTERNATIONAL UNIVERSITY, Plaintiff suffered loss of his liberty and freedom, mental anguish and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

      i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

      ii.     Cost of suit;

      iii.    Trial by jury as to all issues so triable; and

iv.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST
## DEFENDANT CAL, INDIVIDUALLY

For his cause of action against Defendant CAL, in Count IV, Plaintiff states:

54.     Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 37.

55.     Defendant CAL roximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

56.     The conduct of Defendant CAL towards Plaintiff was unreasonable and unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

57.     Alternatively to the allegations set forth in Count III, if the false arrest/false imprisonment of Plaintiff was proximately caused by conduct occurring outside the course and scope of Defendant CAL's employment, or was proximately caused by Defendant CAL in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant CAL in his individual capacity.

58.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

59.     As a further direct and proximate result of the conduct of Defendant CAL, Plaintiff suffered loss of his liberty and freedom, mental anguish and loss of capacity for the enjoyment of

life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.    Trial by jury as to all issues so triable; and

    v.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT V
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST
## DEFENDANT MEMBRENO, INDIVIDUALLY

For his cause of action against Defendant MEMBRENO, in Count IV, Plaintiff states:

60.    Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 37.

61.    Defendant MEMBRENO roximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

62.    The conduct of Defendant MEMBRENO towards Plaintiff was unreasonable and unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

63.    Alternatively to the allegations set forth in Count III, if the false arrest/false imprisonment of Plaintiff was proximately caused by conduct occurring outside the course and scope of Defendant MEMBRENO's employment, or was proximately caused by Defendant MEMBRENO in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of

11

human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant MEMBRENO in his individual capacity.

64.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

65.     As a further direct and proximate result of the conduct of Defendant MEMBRENO, Plaintiff suffered loss of his liberty and freedom, mental anguish and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.     Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.    Trial by jury as to all issues so triable; and

    v.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VI
## MALICIOUS PROSECUTION AGAINST DEFENDANT CAL, INDIVIDUALLY

For his cause of action against Defendant CAL, individually, in Count VI, Plaintiff states:

66.     Plaintiff realleges and adopts, as if fully set forth in Count VI, the allegations of paragraphs 1 through 37.

67.     No reasonably cautious law enforcement officer in the position of Defendant CAL would have believed Plaintiff was guilty-in-fact of any criminal offense.

12

68.     Defendant CAL proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice, and in the absence of probable cause that Plaintiff committed any criminal offense, by causing his probable cause affidavit to be submitted to prosecuting authorities containing materially false statements and material omissions.

69.     At all times material hereto, Defendant CAL knew that his probable cause affidavit would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against Plaintiff.

70.     The conduct of Defendant CAL was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff were justified.

71.     The criminal proceedings instituted and/or continued by Defendant CAL reached a bona fide resolution in Plaintiff's favor.

72.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including business reputation/goodwill.

73.     As a further direct and proximate result of the conduct of Defendant CAL, Plaintiff suffered loss of liberty and freedom, mental anguish and loss of capacity for the enjoyment of life. It was also necessary for Plaintiff to retain the services of a criminal defense attorney to represent him in the criminal proceeding instituted or continued by Defendant CAL, and to pay his attorney a reasonable fee for his services and costs.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a.     Judgment for compensatory damages in excess of $ 15,000 dollars;

  b.  Judgment for exemplary damages;

  c.  Cost of suit;

  d.  Trial by jury as to all issues so triable; and

  e.  Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VIII**
**MALICIOUS PROSECUTION AGAINST**
**DEFENDANT MEMBRENO, INDIVIDUALLY**

For his cause of action against Defendant MEMBRENO, individually, in Count VIII, Plaintiff states:

74.  Plaintiff realleges and adopts, as if fully set forth in Count VIII, the allegations of paragraphs 1 through 37.

75.  No reasonably cautious law enforcement officer in the position of Defendant MEMBRENO would have believed Plaintiff was guilty-in-fact of any criminal offense.

76.  Defendant MEMBRENO proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice, and in the absence of probable cause that Plaintiff committed any criminal offense, by causing his probable cause affidavit to be submitted to prosecuting authorities containing materially false statements and material omissions.

77.  At all times material hereto, Defendant MEMBRENO knew that his probable cause affidavit would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against Plaintiff.

78.  The conduct of Defendant MEMBRENO was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff were justified.

79.  The criminal proceedings instituted and/or continued by Defendant MEMBRENO reached a bona fide resolution in Plaintiff's favor.

14

80.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including business reputation/goodwill.

81.     As a further direct and proximate result of the conduct of Defendant MEMBRENO, Plaintiff suffered loss of liberty and freedom, mental anguish and loss of capacity for the enjoyment of life. It was also necessary for Plaintiff to retain the services of a criminal defense attorney to represent him in the criminal proceeding instituted or continued by Defendant MEMBRENO, and to pay his attorney a reasonable fee for his services and costs.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

        a.     Judgment for compensatory damages in excess of $ 15,000 dollars;

        b.     Judgment for exemplary damages;

        c.     Cost of suit;

        d.     Trial by jury as to all issues so triable; and

        e.     Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

82.     Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this __7th__ day of April, 2017.

By:    *s/. Hugh L. Koerner*
       Hugh L. Koerner
       Florida Bar No.: 716952
       Email: hlklaw@hughkoerner.com
       Hugh L. Koerner, P.A.
       Sheridan Executive Centre
       3475 Sheridan Street, Suite 208
       Hollywood, FL 33021
       Telephone: (954) 522-1235
       Facsimile:  (954) 522-1176
       *Attorney for Fabio Araujo Dos Santos*